# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MANDALE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-04888 |
| | : | |
| DES MOINES TRIA TOWER, LLC, et al., | : | |
| Defendants. | : | |

## Memorandum

YOHN, J.                                                                                                                             August 5, 2009

      Plaintiff, Joseph Mandale, has sued Des Moines Tria Tower, LLC ("DMTT") and its members Alex Shapiro, Anna Shapiro, and Alex Gershbeyn for breach of contract arising out of defendants' failure to repay a loan from plaintiff in accord with the parties' agreement. DMTT is a limited liability company, organized under the laws of the state of Iowa. Pursuant to the court's order of June 5, 2009, plaintiff has filed a memorandum in support of his contention that he validly served process on defendants Alex Gershbeyn and Anna Shapiro in this action and therefore is entitled to the entry of a default against them. For the reasons explained below, plaintiff has not properly served either of these defendants. Consequently, the court will deny the entry of a default and dismiss the complaint without prejudice as to these defendants.

**I.      Facts and Procedural History**[1]

      Plaintiff's suit arises out of DMTT's failure to repay a loan from plaintiff of five hundred thousand dollars made pursuant to a written agreement on January 14, 2008. Alex Shapiro, Anna

---

[1] The court derives this recitation of the facts from plaintiff's complaint and, for the purposes of this memorandum, presumes the truth of these factual allegations.

Shapiro, and Alex Gershbeyn ("guarantors") collectively signed a personal guaranty for DMTT's obligations under the agreement for the loan. Payment on the loan was due in full on April 14, 2008. From February 1, 2008 to October 3, 2008, DMTT made eleven payments on the agreement totaling $256,245.30. For the remaining balance due, plaintiff duly demanded payment from DMTT and made "repeated requests" for payment from the guarantors. DMTT failed to pay, as did the guarantors. Pursuant to the contract terms, plaintiff seeks the unpaid balance, plus twenty percent annual interest, a service fee of one hundred thousand dollars, and costs of recovery of the debt. To that end, plaintiff commenced this action on October 14, 2008.

In serving process on defendants for this action, plaintiff relied on his interaction with defendants' attorney Marc S. Lichtman. In three separate places, the written agreement for the loan lists Lichtman as DMTT's attorney. (Pl.'s Mem. Supp. Claim Valid Service Defs. Alex Gershbeyn and Anna Shapiro ("Pl.'s Mem."), Ex. A, Confidential Private Placement Memorandum 6, 17 and glossary 6.) The agreement also notes that Lichtman serves as "personal counsel to the Manager," later defined as Alex Shapiro, Anna Shapiro, and Alex Gershbeyn. (*Id.* Ex. A, glossary 6-7.) Without providing supporting affidavits or other evidence, plaintiff's counsel states in his memorandum that in the course of this litigation Lichtman contacted him "on numerous occasions" and "represented himself as counsel for the corporate and individual defendants." (Pl.'s Mem. 1.)

In light of Lichtman's role, plaintiff allegedly took these actions to serve defendants. On October 17, 2008 he effected delivery of a copy of the complaint and summons to Lichtman, Alex Shapiro, and Anna Shapiro via certified mail, along with a request for waiver of service. He attempted to deliver the same to Alex Gershbeyn, but Gershbeyn refused to sign for the

delivery. None of the defendants signed or returned the request for waiver of service. On March 30, 2009, the Sheriff's Office of Lake County, Illinois personally served Lichtman and Alex Shapiro, the latter by leaving a copy of the complaint and summons with Anna Shapiro, Alex's spouse, at Alex's usual place of abode.[2]

Defendants failed to answer or otherwise respond to the complaint by April 20, 2009. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer[] . . . within 20 days after being served with the summons and complaint.").[3] Following the filing of certificates of service of process, plaintiff filed a request for default judgment against all defendants on June 3, 2009. Two days later, this court granted the entry of a default as to DMTT and Alex Shapiro, but denied the same as to Alex Gershbeyn and Anna Shapiro for lack of valid service of process. The court ordered plaintiff to file a memorandum supporting his claim of valid service, and plaintiff did so on July 8, 2009.

**II.    Discussion**

Plaintiff now argues that he effected valid service on Anna Shapiro and Alex Gershbeyn by personally serving both Lichtman, an agent of each defendant, and Alex Shapiro, a fellow partner of each defendant, while also mailing a copy of the complaint and summons to each defendant at each's usual place of abode. The validity of this attempt at service turns on two

---

[2] Why plaintiff did not provide the Sheriff with an additional copy of the complaint and summons to serve upon Anna Shapiro at the same time is inexplicably not addressed by the plaintiff.

[3] Because the twentieth day following this attempt at service fell on Sunday, April 19, 2009, the deadline for defendants' response was Monday, April 20, 2009. *See* Fed. R. Civ. P. 6(a)(3) (providing that where last day of period to respond falls on Sunday, then "period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible").

issues: (1) whether a individual's attorney qualifies as an authorized agent to accept service absent any written or implied agreement to that effect; and (2) whether service of process on one member of a *limited liability company* qualifies as service on all other members of the company under the Illinois Code of Civil Procedure's provision for service on a *partnership*.

### A.     Authorized Agent

Plaintiff maintains that he validly served Anna Shapiro and Alex Gershbeyn by delivering a copy of the summons and complaint to Lichtman, defendants' agent, pursuant to Federal Rule of Civil Procedure 4(e)(2)(C). Indeed, "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 318 (1964) (affirming valid service on agent pursuant to express contractual provision). "For service of process to be valid upon an agent, it must be shown that [the agent] was actually appointed by the defendant for the specific purpose of receiving process." *United States v. Marple Community Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971); *see Nelson v. Swift*, 271 F.2d 504, 505 (D.C. Cir. 1959). Appointment to receive service can come through express or implied authority. *See Khurana v. Strategic Distrib., Inc.*, Civ. Action No. 07-5188, 2008 WL 5191816, at *2 (E.D. Pa. Dec. 10, 2008) (citing supporting cases from the Eastern District of Pa.); *see also In re Focus Media Inc.*, 387 F.3d 1077, 1082 (9th Cir. 2004) (finding implied authority to accept service); *accord United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("An agent's authority to accept service may be implied in fact."). *But see Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971) (calling implied authority for service a "dubious assumption").

An attorney has express authority to accept service "when the client actually empowers the attorney to be served on his behalf." *Khurana*, 2008 WL 5191816, at *2. A court can infer an attorney's "[i]mplied authority . . . from the particular conduct in question[] and from the particular circumstances in the case." *Reckling v. Okechuku*, Civil No. 07-1699 (GEB), 2007 WL 2473831, at *5 (D.N.J. Aug. 27, 2007); *see United States v. Balanovski*, 236 F.2d 298, 303 (2d Cir. 1956) (finding authority to accept service implied from extent of power of attorney granted), *cert. denied*, 352 U.S. 968 (1957); *United States v. Bosurgi*, 343 F. Supp. 815, 818 (S.D.N.Y. 1972) (implied authority is based on "all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer"), *aff'd in part, rev'd in part*, 530 F.2d 1105 (2d Cir. 1976), *cert. denied*, 449 U.S. 919 (1980).

No matter what form of authority present, "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Ziegler*, 111 F.3d at 881; *see Khurana*, 2008 WL 5191816, at *2 ("Neither form of authority, however, is automatically conferred upon the attorney solely through the existence of an attorney-client relationship."); *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 163 (M.D. Pa. 2008) ("The mere attorney-client relationship . . . does not, in itself, convey the specific authority necessary for the attorney to receive process on the defendant's behalf." (internal quotation, alteration, and citation omitted)). Importantly, the authority to accept service cannot come from mere "broad powers to represent a client in litigation, . . . [i]nstead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Ziegler*, 111 F.3d at 881; *see Khurana*, 2008 WL 5191816, at *2 (quoting *Ziegler*). To that end, "[o]bviously, something more than mere acceptance must be shown to demonstrate an agency relationship for

this specific purpose [of accepting service]." *Marple*, 335 F. Supp. at 102; *see also Ziegler*, 111 F.3d at 882.

As evidence of Lichtman's authority to receive service on behalf of Anna Shapiro and Alex Gershbeyn, plaintiff relies on contractual provisions stating that Lichtman serves as their attorney. Plaintiff cites no language in any of these provisions of an express grant of authority from Anna Shapiro and Alex Gershbeyn to Lichtman to receive service. The court also cannot find any implied authority from this evidence as the contract provisions have nothing to do with representation in litigation; indeed they provide warning to plaintiff that Lichtman does not represent plaintiff. (*See* Pl.'s Mem., Ex. A, Confidential Private Placement Memorandum 17 ("The Investors should not consider [Lichtman or his firm] to be their independent counsel.").) Without evidence of express or implied authority, plaintiff appears to rely merely on the attorney-client relationship between Lichtman and Anna Shapiro and Alex Gershbeyn and on Lichtman's act of accepting service. (*See* Pl.'s Mem. 3-4 ("Service . . . was validly obtained . . . [because] Lichtman, by contract and representation, is agent and legal counsel [for the defendants in question].").) Neither of these actions suffices as evidence of authority to accept service. *See Ziegler*, 111 F.3d at 881; *Marple*, 335 F. Supp. at 102. Because plaintiff provides no legitimate ground for Lichtman's authority to accept service, plaintiff has not validly served Anna Shapiro and Alex Gershbeyn pursuant to Rule 4(e)(2)(C).

### B.     Service on a Partner

Plaintiff also argues that he obtained valid service by leaving a copy of the complaint and summons with Alex Shapiro, a member with Anna Shapiro and Alex Gershbeyn in DMTT, a limited liability company, and by mailing the same to their respective usual abodes. Under the

Illinois Code of Civil Procedure ("ICCP"), a "partner may be served . . . by leaving a copy of the summons for him or her with any other partner and mailing a copy of the summons in a sealed envelope with postage prepaid . . . at [defendant's] usual place of abode." 735 Ill. Comp. Stat. Ann. 5/2-205 (2009). In an attempt to comply with this provision, plaintiff did serve validly Alex Shapiro, a fellow member of DMTT with Anna Shapiro and Alex Gershbeyn. Likewise, plaintiff did mail a copy of the summons to the abode of Anna Shapiro and Alex Gershbeyn. Despite this compliance, plaintiff fails to present any argument or authority that compliance with this provision of the ICCP, governing service on members of a *partnership*, satisfies the requirements for service on members of a *limited liability company*.

In fact, authority suggests quite the opposite. The ICCP provides for service on individuals, corporations, and partnerships, but not on limited liability companies, like DMTT. *See* 735 Ill. Comp. Stat. Ann. 5/2-203 (individuals); *id.* 5/2-203 (corporations); *id.* 5/2-205 (partnerships). Instead, the Illinois Limited Liability Company Act ("ILLCA") sets forth the requirements for service on a limited liability company itself. 805 Ill. Comp. Stat. Ann. 180/1-50 (2009) (requirements for service). For a company, such as DMTT, organized in a state other than Illinois, but doing business in Illinois, process as to the company "shall be served either upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this Section." *Id.* 180/1-50(a); *see also id.* 180/45-55 (providing that rules for service apply to foreign limited liability companies). Further, an Illinois district court has held that "[u]nder Illinois law, process on a limited liability company must be served upon the company's registered agent or upon the Illinois Secretary of State if the company does not have a registered agent in the State." *Chi. Reg'l Council of Carpenters v. Joseph J. Sciamanna, Inc.*, No. 08 C

4636, slip op. at 11, 2009 WL 1543892, at *5 (N.D. Ill. June 3, 2009). *But see Arbitron, Inc. v. Marathon Media, LLC*, No. 07 Civ. 2099 (DC), 2008 WL 892366, at *4 (S.D.N.Y. Apr. 1, 2008) (applying Illinois rule for service on private corporation to service on limited liability company). Neither the ILLCA nor any relevant precedent establishes that service upon a member of a limited liability company or the company itself constitutes services on all members, akin to the ICCP provisions for service on a partnership.[4] Thus, the service on the individual members of DMTT must be made in accordance with the ICCP requirements for service on individuals.[5] Consequently, plaintiff's mere compliance with the rule governing service on a partnership does not constitute valid service on Anna Shapiro and Alex Gershbeyn, as members of a limited liability company.

## IV. Conclusion

Plaintiff has not made effective service on Anna Shapiro and Alex Gershbeyn by serving Lichtman, their attorney, or by serving Alex Shapiro, their fellow member in their limited

---

[4] Although the ILLCA provides that the statute does not "limit or affect the right to serve any process [on a limited liability company] . . . in any other manner now or hereafter permitted by law," *id.* 180/1-50(d), plaintiff does not present an "other manner . . . permitted by law" for service on a limited liability company where service on a member or the company itself constitutes service on all members.

[5] The result remains the same, even assuming service pertains to a limited liability company's organization or internal affairs and thus the laws of the state where DMTT is organized apply. *See* 805 Ill. Comp. Stat. Ann. 180/45-1 (providing that law "laws of the State . . . under which a foreign limited liability company is organized govern its organization and internal affairs"). Under the Iowa Limited Liability Company Act ("IaLLCA"), service on a limited liability company is effected by service on its registered agent or, if not possible, service via certified mail delivered to its principal office. Iowa Code § 490A.504. These provisions do not provide, or even suggest, that service on one member of a limited liability company or service on the company itself constitutes service on all members, contrary to the gist of plaintiff's argument.

liability company.  Plaintiff has provided no evidence that Lichtman qualified as an agent authorized to accept service for these clients, pursuant to Federal Rule of Civil Procedure 4(e)(2)(C).  Plaintiff also cannot claim that under the Illinois and Iowa rules governing service on a limited liability company, valid service on one member of a limited liability company or service on the company itself qualifies as valid service on the other members in accordance with the rules for service on a partnership.  Finally, plaintiff has not demonstrated that beyond these failed attempts at service, he otherwise properly served Anna Shapiro and Alex Gershbeyn within thirty days of the court's order of June 5, 2009, as so instructed therein.

        Plaintiff filed his complaint on October 14, 2008.  Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve the complaint and summons within 120 days of filing the complaint.  Accordingly, plaintiff had until February 11, 2009 to serve process upon defendants.  Because to date plaintiff has yet to effect proper service on Anna Shapiro and Alex Gershbeyn, as to these defendants the court will dismiss plaintiff's complaint without prejudice.